

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

February 2, 2026

VIA ECF

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  *Delarca-Avila v. Bondi, et al.,* No. 26-cv-0543 (Bulsara, J.)

Dear Judge Bulsara:

This Office, on behalf of Respondents, respectfully submits this letter and accompanying Declaration in response to the Court's January 30, 2026 Order and in response to the Petition (Docket Entry #1) of Petitioner Carlos A. Delarca-Avila ("Petitioner") for release from custody by Immigration and Customs Enforcement ("ICE").

The legal issues presented in this action concern whether Petitioner's detention violates his procedural and substantive due process rights, the Immigration and Nationality Act, 8 U.S.C. § 1158, *et seq.* ("INA"), and the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"). Petitioner principally seeks an order from this Court directing ICE to immediately release him from detention.

**Petitioner's Current Location**:

As set forth in the attached Declaration of Patrick Heerey, Petitioner was encountered by officers of the Department of Homeland Security ("DHS") on January 30, 2026, in Bay Shore, New York. Heery Decl. ¶ 9. The officers arrested Petitioner pursuant to 8 U.S.C. § 1225 (b)(2)(A). *Id.* ¶¶ 10-11. Petitioner was arrested, transported to ICE's processing offices at 535 Federal Plaza in Central Islip and, approximately seven hours later, transferred to the Nassau County Correctional Center ("NCCC") in East Meadow, New York. *Id.* ¶¶ 11-12. On February 2, 2026, Petitioner was transferred to the holding cell at the DHS offices at 26 Federal Plaza in Manhattan. *Id.* ¶ 13.

**<u>Discussion Regarding the Merits of the Petition</u>**[1]

On December 17, 2025, during oral argument in *Manual Armando Tenezaca Pucha v. Genalo*, 25-cv-6905 (SJB), Your Honor discussed cases, like this one, which involve the issue of whether the petitioner was detained by ICE under 8 U.S.C. § 1225, as the Government maintained, or 8 U.S.C. § 1226, as the petitioner maintained.  Your Honor stated that "[i]t's like 220 judges against [the Government] and some 320 plus published opinions against [the Government]". Transcript, at 13-14. Your Honor stated to Government counsel that "if you give me an argument that says they are . . . under 1225(a), even though they have been in the United States for years, at some point turns into a frivolous sanctionable argument as far as I am concerned." *Id*. at 14.[2]

While Respondents respectfully disagree with Your Honor's assessment of the § 1225/ § 1226 issue, they acknowledge that, in view of that assessment, Respondents cannot prevail in this

---

[1] This Office notes that it filed a similar letter as this with Your Honor in the matter of *Flores-Linares v. Bondi, et al.*, No. 26-cv-298 (SJB) on January 20, 2026, and in the matter of *Argueta v. Francis, et al.,* No. 26-cv-0408 (SJB) on January 26, 2026.

[2] Respondents respectfully note that, though a minority, a number of district court judges have ruled in the Government's favor on this issue.  A district judge in this Circuit recently held that a petitioner was being detained pursuant to § 1225, even though ICE had previously released him under § 1226, finding that applicants for admission (i.e., "aliens present in the United States who ha[ve] not been admitted") are "by default, [ ] seeking admission" and, thus, subject to mandatory detention under § 1225.  *Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.). On January 23, 2026, another district judge in this Circuit adopted the same reasoning and denied petitioner's habeas petition. ("Having considered the statutory text and other relevant authorities, the undisputed facts of this case, and the parties' submissions and oral arguments, the Court concludes that Petitioner's detention is governed by Section 1225.") *Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 184627, at *1 (S.D.N.Y. Jan. 23, 2026)(Rearden, J.). Last month, two other district court judges in this Circuit issued similar decisions. *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at *2  (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.) (detention under 8 U.S.C. § 1225(b)(2)(A) was proper for alien present unlawfully for two decades without having been admitted, and noting that "[t]he fact that more district courts . . . have decided this issue differently from this court is neither binding nor persuasive"), *notice of appeal* filed Dec. 16, 2025; *Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), *notice of appeal* filed Dec. 16, 2025; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), *notice of appeal* filed Jan. 15, 2026. Judge Vyskocil expressly rejected the proposition that "if one presidential administration fails to enforce a statute, the next administration cannot enforce it, even though the statute clearly applies, according to its plain terms, and no promises not to enforce it have been made." *Chen*, No. 25-cv-8350, 2025 WL 3484855, at *7; *see also Liang*, 2025 WL 3641512, at *8 (rejecting proposition that "prior Administration's decision to catch and then release Petitioner into the interior under Section 1226 means that the current Administration has 'relinquished the authority[]' . . . to apply Section 1225 according to its plain terms."). Many other district court judges in other circuits have decided the § 1225/ § 1226 issue in favor of the Government.

action. Thus, to conserve judicial resources and to expedite the Court's consideration of this case, Respondents hereby rely upon, and incorporate by reference, the legal arguments the Government presented in *Gopie v. Lyons,* No. 25-cv-5229, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025) (Bulsara, J.)[3] and respectfully submits that the Court can decide this matter without further briefing.  However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.[4]

As to Petitioner's INA and APA claims, these statutes are not the proper vehicle for Petitioner's claims arising out of his detention, which drives this suit. In *Trump v. J.G.G.*, 604 U.S. 670 (2025), in which claims including due process claims were brought under the APA, the INA and various habeas provisions, the Supreme Court held that where the claims for relief, as here, "necessarily imply the invalidity of their confinement," regardless of whether he requests release from confinement, those claims "fall within the 'core' of the writ of habeas corpus and must be brought in habeas." *See J.G.G.*, 604 U.S. at 672 (cleaned up). The Supreme Court's holding is consistent with well-established law that habeas is generally the only possible district court vehicle for challenges brought pursuant to immigration statutes. Id. (citing *Heikkila v. Barber*, 345 U.S. 229, 234-35 (1953)). All the claims in this suit constitute a core habeas claim — though they fail for the reasons discussed above—and are not cognizable under the INA or the APA.  Further, by the APA's terms, it is available only for agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, Petitioner's APA claims are independently barred by this limitation. As noted by Justice Kavanaugh's concurrence in *J.G.G.*, "given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another adequate remedy in court, I agree with the Court that habeas corpus, not the APA, is the proper vehicle here." *J.G.G.*, 604 U.S.at 674 (Kavanaugh, J. concurring). Here, as in *J.G.G.*, habeas is an "adequate remedy" through which Petitioner can challenge his detention.

---

[3] Specifically, Respondents respectfully incorporate by reference all arguments raised in the opposition brief in *Gopie*, 25-cv-5229 (E.D.N.Y.) (Bulsara, J.), ECF No. 11, and also respectfully incorporate by reference the statutory and regulatory framework, Part I, in that same document; *see Gopie*, 25-cv-5229 (E.D.N.Y.) (Bulsara, J.), ECF No. 19. *See also Argueta v. Francis, et al.*, No. 26-cv-0408 (E.D.N.Y.) (Bulsara, J.) Electronic Order entered on January 26, 2026.

[4] The Government has appealed to the Second Circuit the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that § 1226(a), not § 1225(b)(2)(A), applied), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.). The Government filed its opening brief with the Second Circuit on January 16, 2025, and the Government's motion to expedite the appeal was granted.

Accordingly, for the reasons set forth in the Government's brief in *Gopie*, Respondents respectfully submit that the Court should deny this habeas petition.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/ Mary M. Dickman
Mary M. Dickman
Assistant U.S. Attorney
(631) 715-7863
mary.dickman@usdoj.gov

Cc: Counsel of record by ECF

4