UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARLOS A. DELARCA-AVILA,

                        Petitioner,

            v.                                     **ORDER**
                                                        26-CV-0543-SJB
PAM BONDI et al.,

                        Respondents.
-------------------------------------------------------------------X

**BULSARA, United States District Judge:**

       Petitioner Carlos A. Delarca-Avila ("Delarca-Avila" or "Petitioner"), a citizen of Honduras who has lived in the United States for over 25 years, was arrested on January 30, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers. (Pet. for Writ of Habeas Corpus filed Jan. 30, 2026 ("Pet."), Dkt. No. 1 ¶ 1; Resp'ts' Letter filed Feb. 2, 2026 ("Resp'ts' Letter"), Dkt. No. 4 at 1). He filed a petition for a writ of habeas corpus with this Court that same day. (Pet. ¶ 6). Delarca-Avila has a pending application for asylum, originally filed in 2017, as well as a pending application for cancellation of removal, filed in 2021 after he was issued a Notice to Appear around February 2021. (Pet. ¶¶ 3–4). Both his asylum and cancellation applications remain pending—that is, Delarca-Avila has not been issued a final order of removal. (*See* Decl. of Patrick Heerey dated Feb. 2, 2026 ("Heerey Decl."), attached to Resp'ts' Letter as Attach. 1, Dkt. No. 4-1 ¶ 7). Respondents identify no criminal history associated with Petitioner. For the reasons explained below, the writ is granted.

       The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 1–3), despite

the fact that Petitioner has been in the United States since April 2000, (Pet. ¶ 1). The Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is "seeking admission" to the United States, notwithstanding that they have been living here for months, if not years. Court after court, judge after judge, in district after district has rejected this argument. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225. In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The challengers have

prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

Respondents concede that before this Court they have no new arguments to present to warrant the detention of this Petitioner, except the recycled arguments that hundreds of decisions and judges have rejected over and over again, and as such "cannot prevail in this action." (Resp'ts' Letter at 2–3). In contrast to this tidal wave of cases, they offer only a few isolated decisions going the other direction and note that the Court of Appeals is considering a handful of cases, (*id.* at 2 n.2, 3 n.4), but otherwise submit that the Court can decide this matter without further briefing, (*id.* at 3).

The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under § 1225 violates due

process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.[1]

The writ is granted.  Respondents are directed to effectuate Petitioner's release by **February 3, 2026 at 12:00 P.M.** and file a letter on the docket confirming Petitioner's release by that time.  Respondents are enjoined from detaining Petitioner absent further direction from this Court.  The Court concludes that the Petition's other bases for granting the writ, including the APA, are now moot and unnecessary to resolve.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  February 2, 2026
       Central Islip, New York

---

[1] There is a separate troubling issue in this case.  The declaration submitted with the Government's response suggests that Delarca-Avila was arrested before ICE had issued an arrest warrant for him.  (*See* Heerey Decl. ¶¶ 9–11 (explaining that ICE officers encountered Delarca-Avila around 10:45 A.M., an arrest warrant was issued at some point "that day," he was "taken into custody pursuant to that Warrant," and then once he was brought to and detained at an ICE office in Central Islip, he was "served" with that same arrest warrant).  Unfortunately, the Heerey Declaration purports to attach that arrest warrant, but the document is unreadable—a mesh of blue and black lines.  (*See* Heerey Decl. Ex. C, Dkt. No. 4-2 at 15).  So, while the Court notes that 8 C.F.R. § 1236.1 provides, in relevant part, "[a]t the time of issuance of the notice to appear, or at any time thereafter . . . the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest," 8 C.F.R. § 1236.1(b), it does not reach the issue of whether an after-the-fact arrest warrant can justify detention under that regulation.